**YUEMING ZENG, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 11–70670.**

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 14, 2012.*

Filed Aug. 14, 2013.

Yueming Zeng, pro se.

Nancy Canter, OIL, Kristen Giuffreda Chapman, U.S. Department of Justice

Washington, DC, ICE, Chief Counsel, Office of the Chief Counsel Department of Homeland Security San Francisco, CA, for Respondent.

Before: HUG, FARRIS, and LEAVY, Circuit Judges.

MEMORANDUM **

Petitioner Yueming Zeng, a native and citizen of China, petitions pro se for review of an order from the Board of Immigration Appeals ("BIA") dismissing Zeng's appeal from an immigration judge's ("IJ") denial of her application for asylum, withholding of removal, and protection under Article III of the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252(a), and we deny the petition for review.[1]

Substantial evidence supports the agency's adverse credibility finding based on inconsistencies in Zeng's testimony and between her testimony and documentary evidence. *See Shrestha v. Holder*, 590 F.3d 1034, 1046–47 (9th Cir.2010). Moreover, the record does not compel a finding that Zeng provided sufficient corroboration for her claim. *See Aden v. Holder*, 589 F.3d 1040, 1046 (9th Cir.2009). The record also does not compel the conclusion that further corroboration was not reasonably obtainable. *See Shrestha*, 590 F.3d at 1047–48.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Because the parties are familiar with the facts underlying this appeal, we do not recount the facts here.

The BIA found that Zeng failed to show that she was subjected to persecution on account of a protected ground. Therefore, the agency properly denied Zeng's claim for asylum. *See id.* at 1048. Because Zeng cannot meet the burden of proof for asylum, she necessarily cannot meet the higher burden for withholding of removal. *See Kumar v. Gonzales,* 439 F.3d 520, 525 (9th Cir.2006). Moreover, because Zeng's claim for CAT protection is based on the same discredited evidence that she relied upon for her asylum claim, substantial evidence supports the denial of her CAT claim. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156–57 (9th Cir.2003).

We reject Zeng's argument that the agency failed to consider the State Department's Country Report in making its decision. The BIA and IJ's opinions indicate that they considered all relevant evidence, and the record does not suggest that they failed to consider the country report. *See Almaghzar v. Gonzales,* 457 F.3d 915, 922 (9th Cir.2006).

Any remaining arguments are meritless.

**PETITION DENIED.**